UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

**Earl Samuel Stuart,**

    Petitioner,

v.

**James N. Cross,**

    Respondent.

Civil No. 06-3868 (ADM-JJG)

**REPORT AND RECOMMENDATION**

JEANNE J. GRAHAM, United States Magistrate Judge

This matter comes before the undersigned on petitioner Earl Stuart's petition for a writ of habeas corpus under 28 U.S.C. § 2241 (Doc. No. 1). Mr. Stuart is proceeding on his own behalf. Respondent James Cross is represented by Lisa D. Kirkpatrick, Assistant United States Attorney. Mr. Stuart is held at a federal prison in Sandstone, Minnesota, where Mr. Cross serves as warden.

Mr. Stuart (Stuart) was in a fight with another inmate on January 20, 2006. After disciplinary hearings, Stuart was found guilty of fighting. As a sanction, he was ordered to serve thirty days' segregation, and he lost twenty-seven days of previously earned good time credit. In his petition, Stuart argues the hearing officer improperly disregarded his argument that he acted in self-defense, in violation of his due process rights.

Stuart contends that the other inmate, Ricardo Yanez-Martinez, started the fight by grabbing him from behind. When he tried to flee, Yanez-Martinez pursued him. During their struggle, Stuart hit his head against Yanez-Martinez, causing Yanez-Martinez to suffer a bloody nose. A member of prison staff arrived at some point afterwards and broke up the fight.

A disciplinary hearing was held before a hearing officer on February 2, 2006. At the hearing, Stuart did not call any witnesses. Testifying on his own behalf, Stuart claimed that his actions were in self-defense. But through a written decision on February 16, 2006, the hearing officer rejected this claim. Relying on the statement of the staff member who broke up the fight, the hearing officer found that Stuart had actively engaged in the fight.

Stuart argues in part that the hearing officer violated due process by rejecting his claim of self-defense. In a prison disciplinary proceeding, a decision comports with due process so long as it is supported by any evidence that has some basis in the record. *Superintendent, Massachusetts Correctional Inst. v. Hill*, 472 U.S. 445, 455-56 (1985). Because the staff member believed that Stuart was an aggressor, and because Stuart caused another inmate to be injured, the hearing officer had sufficient evidence to conclude that Stuart was not acting in self-defense. *See, e.g., Wade v. Perez*, 14 Fed.Appx. 330, 331-32 (6th Cir. 2001); *Collins v. Furlong*, 3 Fed.Appx. 886, 888 (10th Cir. 2001).

Stuart argues, in the alternative, that the hearing officer violated due process by categorically refusing to consider a defense of self-defense. Because the hearing officer concluded that Stuart did not act in self-defense, it is not necessary to decide whether a prisoner has a due process right to invoke this defense. *See MacMillan v. Pontesso*, 73 Fed.Appx. 213, 215 (9th Cir. 2003). But even if Stuart did have cause to claim self-defense, there is no due process right to invoke this defense in a prison disciplinary proceeding. *Rowe v. DeBruyn*, 17 F.3d 1047, 1052-53 (7th Cir. 1994).

The actions of the hearing officer did not violate due process, and therefore, Stuart cannot obtain the relief he seeks in his petition. Being duly advised of all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED THAT:**

1. Stuart's petition for a writ of habeas corpus under 28 U.S.C. § 2241 (Doc. No. 1) be **DENIED.**

2. Stuart's motion to expedite (Doc. No. 11) be **DENIED AS MOOT.**

Dated this 25th day of April, 2007.          s/Jeanne J. Graham

                                            JEANNE J. GRAHAM
                                            United States Magistrate Judge

**NOTICE**

Pursuant to Local Rule 72.2(b), any party may object to this report and recommendation by filing and serving specific, written objections by May 14, 2007. A party may respond to the objections within ten days after service. Any objections or responses filed under this rule shall not exceed 3,500 words. The District Court shall make a de novo determination of those portions to which objection is made. Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the United States Court of Appeals for the Eighth Circuit.