UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Earl Samuel Stuart,

        Petitioner,                              **MEMORANDUM OPINION
AND ORDER**

v.                                                Civ. No. 06-3868 ADM/JJG

James N. Cross,

        Respondent.

_____

Earl Samuel Stuart, *pro se*.

_____

This matter is before the undersigned United States District Judge pursuant to Petitioner Earl Samuel Stuart's ("Stuart") Objections [Docket No. 13] to Magistrate Judge Jeanne J. Graham's April 25, 2007 Report and Recommendation ("R&R") [Docket No. 12]. For the reasons set forth below, the Objections are overruled and the R&R is adopted. The procedural and factual background, described in the R&R, is incorporated by reference for review of Stuart's present Objections.

In reviewing an R&R, the district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); see also D. Minn. L.R. 72.2(b). A district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); see also D. Minn. L.R. 72.2(b).

Stuart petitions for habeas corpus relief as the result of disciplinary action taken after administrative review of a prison fight. Stuart argues that the physical injuries are consistent with his claim of self-defense, the force he used was necessary and reasonable under the

circumstances, and the witness observations support self-defense because although witnesses missed the beginning of the altercation, they saw Stuart running away from the Inmate Yanez-Martinez and toward the office.  Stuart's arguments are unavailing because all that is required is that "some evidence" support the hearing officer's decision.  Superintendent v. Hill, 472 U.S. 445, 455 (1985).  In Hill, the Supreme Court stated "[a]scertaining whether this standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence.  Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board."  Id. at 455-56.  There is "some evidence" that supports the hearing officer's conclusions.  Stuart admitted to engaging in an altercation with Inmate Yanez-Martinez.  Also, a staff member witnessed Stuart and Yanez-Martinez struggling with one another, and Yanez-Martinez bleeding from the nose.  Accordingly, Stuart's Objections regarding the sufficiency of the evidence are overruled.

      Stuart also argues that his Due Process rights were violated because the hearing officer refused to consider self-defense as a defense.  Stuart's evidence of this allegation is his own averment that the hearing officer told him that "self-defense doesn't exist as a claim that a prisoner can make."  Objections at 5.  The hearing officer's narrative suggests that the hearing officer did consider Stuart's claims of self-defense.  Norenberg Decl. [Docket No. 8] Attach. B. at 11.  Further, Ann Norenberg, Paralegal Specialist for the Consolidated Legal Center for Minnesota, avers that "[t]here is no BOP rule that states that inmates are not allowed to claim self[-]defense in disciplinary proceedings.  Inmates have the right to present statements and documentary evidence to the DHO to defend themselves."  Norenberg Decl. ¶ 7.  However, even

if the hearing officer did refuse to consider Stuart's self-defense claim, the Due Process clause does not require that inmates be allowed to assert the defense of self-defense in prison disciplinary proceedings, and Stuart received constitutionally sufficient procedure.  See Rowe v. Debruyn, 17 F.3d 1047, 1052-54 (7th Cir. 1994).

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. The R&R [Docket No. 12] is **ADOPTED**;

2. Stuart's Objections [Docket No. 13] are **OVERRULED**;

3. Stuart's Petition for a Writ of Habeas Corpus [Docket No. 1] is **DENIED**; and

4. Stuart's Motion for Expedited Review [Docket No. 11] is **DENIED AS MOOT**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

BY THE COURT:


      s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated:  June 15, 2007.